NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN S. HUDNALL, | No. 23-3727 |
| Plaintiff - Appellant, | D.C. No. 4:22-cv-02864-DMR |
| v. | MEMORANDUM* |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Chief Magistrate Judge, Presiding

Argued and Submitted November 19, 2024
San Jose, California

Before: GRABER, FRIEDLAND, and BUMATAY, Circuit Judges.

John Hudnall appeals the district court's decision to grant summary judgment

in favor of the Commissioner of Social Security on his claim for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291 and affirm. We address one of

Hudnall's arguments in a concurrently filed published opinion. We resolve his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

remaining claims here.

We review "the district court's order affirming the [administrative law judge's ("ALJs")] denial of social security benefits de novo, and we will not overturn the Commissioner's decision 'unless it is either not supported by substantial evidence or is based upon legal error.'" *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citation omitted). In examining medical evidence, the most important factors for an ALJ to consider are "supportability" and "consistency." 20 C.F.R. § 404.1520c(a); *see also Woods*, 32 F.4th at 791–92.

1. Hudnall challenges the ALJ's analysis of the medical evidence. First, he claims that the ALJ erroneously discounted the opinion prepared by his marriage and family therapist, Jana Klass, and signed by one of his physicians, Dr. Dana Rosca. The opinion described Hudnall's symptoms, including "difficulty staying on task" and his self-description "as despondent." The opinion concluded that Hudnall was "unable to maintain work/career due to severe mood [symptoms] that impair overall functionality." The ALJ concluded that this opinion was unpersuasive, both because it suggested that Hudnall's condition showed "no improvement in five years" even though he had not sought treatment during that time and because Klass described Hudnall as a pathological liar in another record. The ALJ also faulted the opinion for relying on Hudnall's subjective reports.

Substantial evidence supports the ALJ's conclusion. Although Hudnall

claimed that his disability began on March 1, 2015, the record shows that he sought little treatment between the initial treatment he received after his mental health episode, ending in 2016, and when he applied for Social Security benefits in March 2020. The record further shows that Klass stated that Hudnall's "lying seems to be pathological and a form of self-preservation" and that much of Klass's opinion was based on Hudnall's own descriptions of his condition. Finally, the record contains numerous instances in which Hudnall's symptoms were less severe than those described in the opinion. So substantial evidence supports the ALJ's decision to discount that medical opinion.

Hudnall also challenges the ALJ's decision to discount the opinions of two doctors who treated him in Japan. The two physicians, Hiroyuki Ide and Yutaka Minohara, opined that Hudnall suffered from major depressive disorder, struggled with daily tasks, and could not work. The ALJ found those opinions unpersuasive because they were inconsistent with other evidence in the record. Substantial evidence supports that conclusion. The two physicians' assessments, which are not supported by treatment records, are inconsistent with the treatment notes of Hudnall's other medical providers. Further, Hudnall's own description of his ability to perform basic tasks contradicts their opinions because, for example, he stated that he could "help [his] wife and kids with homework and childcare."

2. Hudnall next asserts that the ALJ erred in finding his testimony inconsistent

with the medical record. "When a claimant presents objective evidence establishing an impairment 'that could reasonably produce the symptoms of which she complains, an adverse credibility finding must be based on clear and convincing reasons'" that are supported with "substantial evidence in the record." *Smartt v. Kijakazi*, 53 F.4th 489, 497, 500 (9th Cir. 2022) (citation omitted). Here, the ALJ explained that Hudnall's statements were inconsistent with the record because he had a gap in medical treatment and his allegations are not supported by his treating sources' mental status examinations. The ALJ discussed Hudnall's treatment history, including the fact that he improved after he received treatment following his hospitalization in 2015 and that he improved again in 2020, when he resumed treatment. The records showed that Hudnall displayed improving symptoms and normal mental assessments. The ALJ also noted Hudnall's record of dishonesty. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Substantial evidence thus supports the ALJ's decision to reject Hudnall's testimony.

3. Lastly, Hudnall contests the ALJ's conclusion that he could perform the occupations at "reasoning level 2" even though the ALJ found he "is precluded from performing complex and detailed tasks but remains capable of performing short, simple, repetitive tasks in a routine work environment." Level two reasoning

4                                                                          23-3727

requires an individual to be able "to carry out detailed but uninvolved . . . instructions." *Dictionary of Occupational Titles*, App. C. § III, 1991 WL 688702 (4th ed. 1991). The ALJ's conclusion is consistent with this level of reasoning. The ALJ found that Hudnall could not perform "complex *and* detailed instructions," which means that he could perform complex tasks that are not detailed or detailed tasks that are not complex. This finding does not conflict with following "detailed but uninvolved . . . instructions" as reasoning level 2 requires. *See id.* So we discern no error here.[1]

**AFFIRMED.**

---

[1] Hudnall explicitly disclaimed any argument that "short, simple, repetitive tasks" cannot be reconciled with reasoning level 2.